REVISED MARCH 23, 2000

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 99-30258

WESTLY WEST; DENNIS LYNCH; ROBERT POLITO;
HENRY JAUME; BRUCE VERRETTE,

Plaintiffs-Appellants,

versus

NICK A. CONGEMI, Chief of Police; CITY OF KENNER,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
Lower Court No. 98-CV-1654-T

March 21, 2000

Before JONES, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[*]

Having carefully considered this appeal in light of the briefs, oral arguments, and pertinent portions of the record, we agree with the district court's analysis of the issues and affirm largely for the reasons stated in its opinion entered November 23, 1998.

The issue is whether the concededly constitutional "Little Hatch Act" of Louisiana, LA. R. S. 33:2504, may be enforced against police officers who, acting as representatives of a police

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except for the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officers' association in Kenner, communicated the association's endorsement of and support for a political candidate.  Police Chief Congemi fired the appellants according to the direct command of the statute.

On appeal, counsel for appellants has been less than forthright in distinguishing between his individual clients' interest and that of the association, which was not permitted to intervene in the district court.[1]  **Notwithstanding the confusion, we construe appellants' complaint to be that although they were legitimately forbidden by the Little Hatch Act from personally engaging in political activities covered by that statute while employed as civil servants, the statute may not constitutionally be applied to them when they act as officers of the association.  To do so, appellants claim, violates their First Amendment speech and associational rights.**

**Acting as officers of their association and through it, the appellants caused a political contribution to, and an**

---

[1]    **Appellants' brief states: "The issue involved here is rather whether associations and unions of civil service employees may be made a target for attack and prevented from making political endorsements in their own name by the strategy of terminating union officers who carry out the official acts of the organization in private and without identifying themselves publicly in any way as civil servants."  One might think that the association, rather than the police officers is the appellant.**

**But the association could -- and did -- notice an appeal only from the denial of intervention, a point which was not briefed and is therefore waived.**

endorsement of, Candidate Stagni's campaign to be made. Such activities, undertaken "directly or indirectly," violate the plain language of Section 2504. Appellants contend, however, that when they act as association officers, their conduct is shielded from the prohibitions of the Little Hatch Act. We disagree. Like the district court, we conclude that this court's decision in <u>Wachsman v. City of Dallas</u>, 704 F.2d 160, 172 (5th Cir. 1983) is controlling:

> One further problem deserves our attention before we address the restrictions on contributions. The district court's invalidation of section 16(b)(1) regarding endorsements presented at nonpolitical gatherings applied only to individual employees, and not to their organizations. The Committee asserts that this ruling ignores its first amendment rights. These rights are derived from the individual members' associational and speech rights, see Citizens Against Rent Control, and from the public's right to free and uninhibited comment on political issues. *See* <u>Bellotti</u>. Although the district court failed to state why it reached different conclusions regarding Wachsman and the Committee, we perceive an appropriate distinction that justifies its order.
>
> [3] The Committee must act through a spokesman. Regarding individual employees, the court was obviously concerned with limiting an employee's right to endorse a candidate at a private and/or nonpolitical gathering (*e.g.*, a Kiwanis Club meeting or a neighborhood barbecue). Such a setting suggests a public employee acting as a private citizen. <u>This suggestion, however, does not</u>

> **fit a situation in which an official spokesman for an organization of city employees announces in that capacity the organization's endorsement of a particular city council candidate.** The latter carries with it all the pernicious possibilities inherent in allowing individual employees to so address political gatherings. The arrival of an official spokesman bearing such an endorsement largely imbues a gathering with a political flavor. Indeed, the appellant Committee here is the avowedly political arm of the city employee police and firefighters organizations. Thus, the City's interests in prohibiting endorsements will be present in any situation in which an organization *173 of city employees desires to make an endorsement. Therefore, the trial court's order in this regard is affirmed. (footnote omitted/emphasis added).

Wachsman and the district court also relied on the Supreme Court's decision in U.S. Civil Service Comm'n v. Nat'l Ass'n of Letter Carriers, 413 U.S. 548, 93 S.Ct. 2880 (1973), upholding similar restrictions on political activity by civil servants.

Because Chief Congemi's enforcement of the Little Hatch Act's ban on "direct or indirect" political activity by these appellants was constitutional, we need not reach the other issues raised on appeal. The judgement of the district court in favor of appellees is affirmed.

AFFIRMED.

4